JUDGE ENGELMAYER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

19 CV   5062

| |
|---|
| GUY CARPENTER & COMPANY, LLC, and MARSH & MCLENNAN COMPANIES, INC., |
| Plaintiffs, |
| v. |
| TIMOTHY GARDNER, NICHOLAS DURANT, and CLAUDE YODER, |
| Defendants. |

Case No. _____

[~~PROPOSED~~] ORDER TO SHOW
CAUSE FOR A TEMPORARY
RESTRAINING ORDER AND A
PRELIMINARY INJUNCTION

Upon the accompanying declarations of Michael Jameson, Arthur R. Collins, John J. Trace, Hartwell Dew, Steven E. Jones, Michael J. Borik, and Gary D. Friedman, all exhibits attached thereto, and the supporting memorandum of law, it is hereby:

ORDERED, that Timothy Gardner, Nicholas Durant, Claude Yoder (collectively, the "Defendants") show cause before this Court at Room 1305, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on June 4____, 2019, at ___4 pm___ o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure that, during the pendency of this action,

i.   Enjoins Defendants from directly or indirectly soliciting or endeavoring to cause any employee of Plaintiffs Guy Carpenter & Company, LLC and Marsh & McLennan Companies, Inc. (collectively, "Guy Carpenter" or "Plaintiffs") with whom Defendants, during the last two years of their employment with Guy Carpenter, came into contact for the purpose of soliciting or servicing business, or about whom

Defendants obtained Confidential Information (as defined in their Restrictive Covenant Agreements ("RCAs")), to leave employment with Guy Carpenter;

ii.   Enjoins Defendants from directly or indirectly soliciting clients of Guy Carpenter for the purpose of selling or providing products or services of the type sold or provided by Defendants while they were employed by Guy Carpenter (where clients are limited to those clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

iii.   Enjoins Defendants from directly or indirectly inducing clients or prospective clients of Guy Carpenter to terminate, cancel, not renew, or not place business with Guy Carpenter (where clients and "prospective" clients are limited to those clients or prospective clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

iv.   Enjoins Defendants from directly or indirectly performing or supervising the performance of services or provision of products of the type sold or provided by Defendants while they were employed by Guy Carpenter on behalf of any clients or prospective clients of Guy Carpenter (where clients and "prospective" clients are limited to those clients or prospective clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

v.     Enjoins Defendants from directly or indirectly assisting others to do the acts specified in paragraphs (ii) – (iv) above;

vi.    Enjoins Defendants, as set forth under their RCAs, from engaging in any subterfuge to circumvent these prohibitions, including, but not limited to accompanying others on calls to clients, contacting clients with other persons, supervising other persons in soliciting or serving clients, providing Confidential Information to others to assist them in soliciting or serving clients, participating in developing presentations to be made to clients, or other similar activities (where clients are limited to those clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

vii.   Enjoins Defendants from disclosing or using for their own purpose, or for the purpose of any other person or entity (including, without limitation, their current employer, Lockton), any of Guy Carpenter's trade secrets or other Confidential Information (as defined in the RCAs); and

viii.  Enjoins Defendants in all such other and further ways necessary to bring Defendants into full and complete compliance and conformance with their contractual agreements contained in the RCAs; and it is further

ORDERED that email service of a copy of this Order and supporting papers on counsel for Defendants shall be deemed good and sufficient service and notice thereof; and it is further

3

ORDERED, that Defendants' papers in response to this Order shall be served and

filed by ~~June 3~~ _at 12 noon_ , 2019, any reply papers shall be served and filed by Plaintiffs by

~~June 4~~ _at noon_ , 2019; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing

of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of

Civil Procedure,

i.   Defendants are temporarily restrained and enjoined from directly or indirectly soliciting or endeavoring to cause any employee of Plaintiffs with whom Defendants, during the last two years of their employment with Guy Carpenter, came into contact for the purpose of soliciting or servicing business, or about whom Defendants obtained Confidential Information (as defined in their RCAs), to leave employment with Guy Carpenter;

ii.  Defendants are temporarily restrained and enjoined from directly or indirectly soliciting clients of Guy Carpenter for the purpose of selling or providing products or services of the type sold or provided by Defendants while they were employed by Guy Carpenter (where clients are limited to those clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

iii. Defendants are temporarily restrained and enjoined from directly or indirectly inducing clients or prospective clients of Guy Carpenter to terminate, cancel, not renew, or not place business with Guy Carpenter (where clients and "prospective" clients are limited to those clients or prospective clients with which Defendants had "contact" or about

which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

iv.    Defendants are temporarily restrained and enjoined from directly or indirectly performing or supervising the performance of services or provision of products of the type sold or provided by Defendants while they were employed by Guy Carpenter on behalf of any clients or prospective clients of Guy Carpenter (where clients and "prospective" clients are limited to those clients or prospective clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

v.    Defendants are temporarily restrained and enjoined from directly or indirectly assisting others to do the acts specified in paragraphs (ii) – (iv) above;

vi.    Defendants are temporarily restrained and enjoined from, as set forth under their RCAs, engaging in any subterfuge to circumvent these prohibitions, including, but not limited to accompanying others on calls to clients, contacting clients with other persons, supervising other persons in soliciting or serving clients, providing Confidential Information to others to assist them in soliciting or serving clients, participating in developing presentations to be made to clients, or other similar activities (where clients are limited to those clients with which Defendants had "contact" or about which Defendants obtained "Confidential Information" or trade secrets, during the last two years of their employment with Guy Carpenter, as those terms are defined in their RCAs);

vii.   Defendants are temporarily restrained and enjoined from disclosing or using for their own purpose, or for the purpose of any other person or entity (including, without limitation, their current employer, Lockton), any of Guy Carpenter's trade secrets or other Confidential Information (as defined in the RCAs); and

viii.   Defendants are temporarily restrained and enjoined in all such other and further ways necessary to bring Defendants into full and complete compliance and conformance with their contractual agreements contained in the RCAs; and it is further

ORDERED that because Defendants agreed in the RCAs that Plaintiffs "shall be entitled … to … temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations," *see* RCA § 6, no security must be posted by Plaintiffs in connection with this Order or any preliminary injunction entered in this matter; and it is further

ORDERED that email service of a copy of this Order and supporting papers on counsel for Defendants shall be deemed good and sufficient service and notice thereof.

DATED:   New York, New York

May 30, 2019

6 05 A.M./P.M.

_____
United States District Judge